MAGARIO & CO. ET AL. *v* UNITED STATES

No. 5238.—Invoices dated Yokohama, Japan, June 24, 1937, etc.
Entered at San Francisco, Calif., July 10, 1937, etc.
Entry No. 471, etc.

(Decided April 28, 1941)

*Lawrence & Tuttle (Frank L. Lawrence* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

TILSON, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation:

That the rayon wearing apparel and rayon footwear which is not subject to TD 46158, from Japan, covered by the appeals enumerated in the attached schedule, are of the same character and description as those which were covered by the decision in *US* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704, and were appraised on the same basis, the issue herein being the same as the issue in the above-named case, and that the record in that case may be incorporated herein.

That the appraised values of the rayon wearing apparel, and rayon footwear which is not subject to TD 46158, from Japan, covered by the appeals listed in the attached schedule, less any additions made by the importer by reason of the so-called Japanese consumption tax, represent the export values of such merchandise under the decisions above cited, and that there were no higher foreign values at the time of exportation thereof.

Accepting this stipulation as a statement of fact, I find and hold the proper dutiable export value of the rayon wearing apparel and the rayon footwear covered by said appeals to be the value found by the appraiser, less any amount added by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

M. SHINKAI ET AL. *v.* UNITED STATES

No. 5239.—Invoices dated Yokohama, Japan, December 14, 1939, etc.
Entered at San Francisco, Calif., January 10, 1940, etc.
Entry No. 5458, etc.

(Decided April 28, 1941)

*Lawrence & Tuttle (Frank L. Lawrence* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that certain items of the merchandise are the same in character and description as the merchandise in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006; that the appraised value, less any amounts added by the importers by reason of the so-called Japanese consumption tax, represents the proper export value, and that there was no higher foreign value.

On the agreed facts I find and hold the proper dutiable export value of the rayon wearing apparel and the rayon footwear covered by said appeals to be the value found by the appraiser, less any amount added by the importers by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

IWATA TRADING CO. ET AL. *v.* UNITED STATES

**No. 5240.**—Invoices dated Yokohama, Japan, October 21, 1939, etc.
Entered at San Francisco, Calif., November 10, 1939, etc.
Entry No. 4329, etc.

(Decided April 28, 1941)

*Lawrence & Tuttle* (*Frank L. Lawrence* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that certain items of the merchandise are the same in character and description as the merchandise in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006; that the appraised value, less any amounts added by the importers by reason of the so-called Japanese consumption tax, represents the proper export value, and that there was no higher foreign value.

On the agreed facts I find and hold the proper dutiable export value of the rayon wearing apparel and the rayon footwear covered by said appeals to be the value found by the appraiser, less any amount added by the importers by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.